By the Court. Duer, J.
In the view that I have taken of this case, it will not be necessary for me to express my opinion on the question decided in Gardener et al. v. Clark (6 Prac. R. 449), where the Supreme Court held, that the same order of defences obtained now as under the old system of pleading.
Our former decision-in this case, by which I am bound, proceeded upon -the contrary doctrine, namely, that all the defences *616 upon which the party relies, whether operating in abatement or in bar, must be set up in the same answer. (Bridge v. Payson, 5 Sandford, 210.) It is a different question in what order the issues so made are to be tided, and that question is not now raised.
The subject matter of this suit, so far as the nature of the 'action is concerned, has always been within the jurisdiction of this court, and the residence of the parties did not necessarily deprive this court of jurisdiction; for, all that the former Code required in case of non-residence was a personal service of the summons, within the city of Hew York.
There was nothing in the Code that required the service on all the defendants on the same day, or within any specific time, or that the service on the non resident debtor should first be made, and as the complaint may be served with the summons, it cannot show whether such service has been made.
If the defendant who had been served thought there was unreasonable delay in proceeding to serve the other defendant, he could apply, under § 274 of the Code, to dismiss the complaint for want of prosecution.
If the plaintiff chose to bring the case to a final trial, and it appeared that under this statute, such steps had not been taken as vested this court with jurisdiction to dispose of the cause, we have held that the complaint should be dismissed.
But if the right of serving the summons on Thomas Y. Rogers, when he should be found in Hew York, existed at the time the answer of Payson was put in, then the fact that it had not been .yet served, did not necessarily deprive the court of jurisdiction in this particular case, and there is nothing in the answer going to show that the plaintiff had not such right.
By allowing the amendment to bring him in, this court at general term, had previously decided, that it was then in time to make such service as would give the court jurisdiction, and if so, I certainly cannot decide on demurrer, that a delay of twenty or sixty days to find the party, made it too late to take the proper steps thereafter to bring the party within the jurisdiction of the court.
In other words, the proper service by which, and by which alone, the jurisdiction of this court over the persons and subject *617 matter would become perfect, is a matter of practice, and is not the proper subject of defence in the answer. This question must be raised in a different way when the want of due diligence or sufficiency of any excuse can be considered.
This part of the answer being therefore bad, judgment must be rendered for the plaintiff on this demurrer.
This makes it unnecessary to pass upon the question as to the effect upon this suit, of the recent amendment of the Code.
If the service upon Rogers in the city of Hew York, at the time the amendment took effect, would have been effectual to clothe the court with jurisdiction, and I think it would, I incline to the opinion that the amendment, which now makes the service on one joint-debtor in the city sufficient to confer jurisdiction, dispenses with further efforts to serve the absent,party, and confers jurisdiction on the court to determine the cause.
The defendant, however, can hereafter raise the question in such form as he may be advised, and when it comes properly before the court, that point can be determined.
Judgment for plaintiff, on the demurrer, with costs to be allowed, as'costs in the cause;
(Affirmed upon consultation by all the judges.)